UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

JAMEL KING,

                Petitioner,

    -against-

DALE ARTUS, Superintendent,

                Respondent.

------------------------------------------------------------ x

05-CV-3130 (SLT) (JMA)

**MEMORANDUM AND ORDER**

**TOWNES**, United States District Judge:

      Petitioner Jamel King ("King") seeks a writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. King was convicted of second-degree robbery in New York State Supreme Court, Kings County. The trial court sentenced King, as a persistent felony offender, to a prison sentence of eighteen years to life. King appealed, and the judgment of the trial court was affirmed. The Court of Appeals denied leave to appeal, and this habeas petition then followed. King argues that his due process rights were violated when he was convicted of second-degree robbery based on legally insufficient evidence. Specifically, King contends that the prosecution failed to prove beyond a reasonable doubt that the complainant suffered a "physical injury," a necessary element for his second-degree robbery conviction.

1

## BACKGROUND

At trial, the victim of the crime, Michael Peart testified that, on September 9, 2000, King, who was known by the nickname "Gorilla," ran toward Peart and said: "This is a robbery." Peart tried to turn around to run, but he was blocked by another person. At that point, King threw Peart down onto the sidewalk and robbed him of $80.00 and other items. King then fled the scene.

Peart testified that, as a result of the robbery, he sustained bruises on his legs and chest, that he was in pain for weeks, and that he sought and received medical attention for his injuries at New York Methodist Hospital. A certified copy of Peart's medical records from the hospital was admitted into evidence. Peart was treated in the emergency room and complained of pain to his ribs and left knee. He also specifically reported pain while inhaling. He was diagnosed with a "right rib contusion" and was instructed to take medication. X-rays were taken, but did not reveal any "new rib fractures." The radiologist's report indicated that Peart's ribs had been fractured in the past.

After an investigation by the New York Police Department, King was arrested and was tried for the robbery. Pedigree information collected after King's arrest indicated that he was about 5'9' tall and weighed approximately 195 pounds. Peart was approximately 5'5" tall and weighed approximately 128 pounds. King was convicted of one count of Robbery in the Second Degree under N.Y. Penal Law § 160.10(2)(a) (the "Statute"). This crime has two elements: (1) that a person "forcibly steals property" and; (2) that "[i]n the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . [c]auses

physical injury to any person who is not a participant in the crime." N.Y. Penal Law § 160.10(2)(a).

On April 29, 2002, King, who qualified as a mandatory persistent felon, was sentenced to a prison term of eighteen years to life. King appealed, arguing that his conviction for second-degree robbery violated due process because the State had failed to prove beyond a reasonable doubt that Peart had sustained a "physical injury" under the Statute. On May 3, 2004, the Appellate Division affirmed the judgment of the trial court, holding that: "Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt." *People v. King*, 7 A.D.3d 542 (2d Dept. 2004). The Court of Appeals denied leave to appeal on August 27, 2004. *People v. King*, 3 N.Y.3d 676 (2004). King timely filed the instant petition under 28 U.S.C. § 2254 on June 23, 2005.

**DISCUSSION**

Under AEDPA's deferential standard, a federal court may not grant a writ of habeas corpus to a state prisoner on a claim that was adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Price v. Vincent*, 538 U.S. 634, 639-40 (2003). A federal habeas court may not issue a writ simply because it decides that the state court applied Supreme Court precedent incorrectly. *Price*, 538 U.S. at 641. Instead, as the Supreme Court has stated:

> Under the "contrary to" clause, a federal habeas court may grant
> the writ [only] if the state court arrives at a conclusion opposite to
> that reached by [the Supreme] Court on a question of law or if the
> state court decides a case differently than [the Supreme] Court has
> on a set of materially indistinguishable facts. Under the
> "unreasonable application" clause, a federal habeas court may
> grant the writ if the state court identifies the correct governing legal
> principle from [the Supreme] Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Henry v. Poole*, 409 F.3d 48, 67-68 (2d Cir. 2005); *Cotto v. Herbert*, 331 F.3d 217, 248 (2d Cir. 2003); *Lainfiesta v. Artuz*, 253 F.3d 151, 155 (2d Cir. 2001). King's habeas petition is based on his claim that the prosecution failed to prove beyond a reasonable doubt that Peart suffered a "physical injury" within the meaning of the Statute. This claim was adjudicated on the merits by the Appellate Division, triggering deferential review under 28 U.S.C. § 2254(d).

The Supreme Court has long recognized "that the Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *Jackson v. Virginia*, 443 U.S. 307, 315 (1979) (quoting *In re Winship*, 397 U.S. 358, 364 (1970)). However, "'[f]ederal courts are not forums in which to relitigate state trials.'" *Lonchar v. Thomas*, 517 U.S. 314, 340 (1996) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)). A habeas court is not permitted "to make its own subjective determination of guilt or innocence." *Herrera v. Collins*, 506 U.S. 390, 402 (1993) (internal quotation marks omitted). The operative inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.

Here, viewing the evidence in the light most favorable to the prosecution, a rational jury could have found that the "physical injury" element was proven beyond a reasonable doubt. A physical injury "means impairment of physical condition or substantial pain." N.Y. Penal Law § 10.00(9). A rational jury could have credited Peart's testimony about his condition and the pain that he experienced. That testimony and the hospital records provided a sufficient basis for a finding that the physical injury element of King's second-degree robbery conviction was proven beyond a reasonable doubt. *See Vasquez v. Ercole*, No. 06 Civ. 4366, 2009 WL 2432364, at *3 (S.D.N.Y. Aug. 7, 2009); *Valtin v. Hollins*, 248 F. Supp. 2d 311, 315-16 (S.D.N.Y. 2003); *Harvey v. Mazzuca*, No. 04 Civ. 8019, 2006 WL 1529325, at *5-*6 (S.D.N.Y. Jun. 5, 2006).

Courts have held that there was sufficient evidence on the physical injury element based upon similar proof. *See People v. Guidice*, 83 N.Y.2d 630, 636 (1994) ("The jury was entitled to credit [the victim's] testimony that he lost sensation in his arm, that it became discolored and swollen, and that he suffered substantial pain as the result of being struck with the baseball bat.") *People v. Valencia*, 50 A.D.3d 1163, 1164 (2d Dept. 2008) (victim sustained "a black eye and bruising on her face, neck, and shoulders, and experienced pain for approximately one week" after the defendant "forcibly entered her car and repeatedly banged her head on the car door"); *People v. Battle*, 286 A.D.2d 625 (1st Dept. 2001) ("The credible evidence clearly established the element of physical injury. The victim's injuries included a bruised knee that caused him to walk with a limp for 10 days, as well as cuts on his arm and a stiff shoulder."); *People v. Thompkins*, 97 A.D.2d 593 (3rd Dept. 1983) (affirming a second-degree robbery conviction under the Statute when the victim testified that she suffered an arm contusion, received medical treatment, and experienced pain about two months after the robbery).

## CONCLUSION

Accordingly, the petition is denied, and the Clerk of Court is directed to close this case. The Court also declines to issue a certificate of appealability pursuant to 28 U.S.C § 2253(c)(2).

**SO ORDERED.**

/s/

**SANDRA L. TOWNES**
UNITED STATES DISTRICT JUDGE

Dated: January ___, 2010
Brooklyn, New York